UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF FLORIDA

JONATHAN PADILLA

    Plaintiff,

-v-

                              Case No. 1-14-cv-21079-FAM

WHETSTONE PARTNERS LLC
d/b/a eTitleLoan

    Defendants.

FILED by ___ D.C.
APR 21 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

### PLAINTIFF'S RESPONSE TO DEFENDANT WHETSTONE PARTNERS, LLC d/b/a eTitle Loan MOTION TO DISMISS AND MEMORANDUM OF LAW

JONATHAN PADILLA, hereby responds to Defendant WHETSTONE PARTNERS LLC d/b/a eTitleLoan (WHETSTONE) Motion to Dismiss Plaintiff's Complaint and Memorandum of Law, and states as follows:

The factual bases of Plaintiff's allegations against WHETSTONE are crystal clear:

### I. STATEMENT OF FACTS

1.    From June 11, 2013 thru October 15, 2013, WHETSTONE PARTNERS LLC d/b/a eTitleLoan violated the TCPA by calling Plaintiff's cell phone 306-766-9906 21 times with <u>no prior permission</u> given by Plaintiff. Defendant left pre-recorded messages using an automatic telephone dialing system on Plaintiffs cellular phone number 305-766-9906 with <u>no prior permission</u>, which is a clear violation of TCPA Sec. 227., 47 USC § 227(b)(1) (A) (iii). Said recordings are in PLAINTIFFS possession.

2.    The TCPA Clearly states:

"(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

1

> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>
>>> (i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);
>>>
>>> (ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or
>>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; …"
>
> "(C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement to a telephone facsimile machine, unless—
>
>> (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient; …."

3.   DEFENDANT and PLAINTIFF do not and have never had any type of established relationship

4.   PLAINTIFF never gave to DEFENDANT permission to contact PLAINTIFF in any way shape or form.

## II. STANDARD OF REVIEW

5. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*,

2

550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

6. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe*, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". *Ashcroft v. Iqbql*, 129 W.Ct. 1937, 1950 (2009).

7. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

8. "When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion."*Hishon v. King & Spaulding*, 467 U.S. 69, 73, 04 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion

to dismiss.

### III. ARGUMENTS AND AUTHORITIES

9. The arguments made that Plaintiff has failed to sufficiently allege a cause of action under the TCPA in the complaint is ridiculous. Plaintiff again states "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," [emphasis added] in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." [emphasis added] *Id.* At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." [emphasis added] *Id.* At 570.

### IV. CONCLUSION

It is difficult to comprehend the basis for WHETSTONE'S motion, which appears to have been filed in bad faith. The Complaint specifies that WHETSTONE contacted PLAINTIFF numerous times using an automatic telephone dialing system without written expressed permission in an attempt to solicit services. The Court should not tolerate a frivolous motion such as this by a party who does not wish to have its illegal activities exposed. Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies his burden of pleading under the TCPA at this stage. See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff's claims should therefore survive dismissal. Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's complaint, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal

4

pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Whetstone's Motion to Dismiss for Failure to State a Cause of Action. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint.

Dated: April 20, 2014

Respectfully submitted,

JONATHAN PADILLA,
811 Ne 199th St. #105
Miami, Fl 33179
305-766-9906

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 20 day of April, 2014 by Mail and Email delivery to:

*Copies furnished to*:

TRIPP SCOTT, P.A.
Attorneys for Defendant
110 S.E. 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-8475

PAUL O. LOPEZ, ESQ.
Fla. Bar No. 983314
POL@trippscott.com
JAMES B. FLANIGAN, ESQ.
Fla. Bar. No. 098399
JBF@trippscott.com

Counsel for

WHETSTONE PARTNERS LLC
d/b/a eTitleLoan
2001 NW 107TH AVE
3RD FLOOR
MIAMI, FL 33172

_____
Jonathan Padilla
811 Ne 199th St. #105
Miami, Fl 33179
305-766-9906