UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-21079-CIV-MORENO

JONATHAN PADILLA,

    Plaintiff,

vs.

WHETSTONE PARTNERS, LLC,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO AMEND THE COMPLAINT

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss **(D.E. No. 13)**, filed on **July 9, 2014**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED and the Court grants Plaintiff leave to file an amended complaint consistent with this Order by no later than **July 24, 2014**. Failure to do so may result in the Court closing the case.

### I. Background

Plaintiff's one-count complaint is under the Telephone Consumer Protection Act, 47 U.S.C. § 227. The claim stems from Defendant's purported use of an automatic or predictive dialer, known as "ATDS" or "automatic telephone dialing system." This device employed a prerecorded voice to contact Plaintiff's cellular telephone without his prior express consent. Plaintiff claims Defendant violated the Telephone Consumer Protection Act by calling Plaintiff on numerous occasions, several

times per day, and on back-to-back days.

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

## III. Legal Analysis

The Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii), provides that it is unlawful for a person to make a call using an "automatic telephone dialing system" to a cellular phone without the prior express consent of the called party. The statute provides a private right of action to recover damages for violations of the statute. 47 U.S.C. § 227(b)(3).

In his amended complaint, Plaintiff alleges Defendant used an automatic telephone dialing system to call his cellular phone 41 times between June 11 and October 15, 2013. Plaintiff alleges he gave no prior express consent to receive these calls. Plaintiff attaches a call log to his complaint,

demonstrating 21 calls. Plaintiff claims he twice requested the Defendant stop calling him. The Plaintiff also alleges Defendant left pre-recorded messages on his cellular phone. Plaintiff also alleges his caller ID identified the phone numbers.

Defendant has moved to dismiss this case arguing Plaintiff fails to state a cause of action under the Telephone Consumer Protection Act. More particularly, Defendant states that Plaintiff does not allege sufficient facts to support that Defendant used an "automatic telephone dialing system." The statute defines an "automatic telephone dialing system" as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227 (a)(1)(A)-(B).

District Courts have split on the sufficiency of a Plaintiff's pleadings on this issue. One set find that it would be "virtually impossible, absent discovery, for any plaintiff to gather evidence regarding the type of machine used for a communication left on a plaintiff's voicemail." *Torres v. Nat'l Enter. Sys., Inc.*, No. 12C2267, 2012 WL 3245520, *3 (N.D. Ill. Aug. 7, 2012); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1010 (N.D. Ill. 2010). The second set of cases deny motions to dismiss finding the pleadings sufficient when the plaintiff recites the statutory language, plus additional allegations indicating the reasons for the plaintiff's beliefs. *Vance v. Bureau of Collection Recovery, LLC*, No. 10C6324, 2011 WL 881550, *3 (N.D. Ill. Mar. 11, 2011); *Strickler v. Bijora, Inc.*, No. 11C3468, 2012 WL 5386089, *3 (N.D. Ill. Oct. 30, 2012). In some cases, courts have granted motions to dismiss finding that repeating the language of the statute, without any accompanying factual allegations, would not suffice. *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (holding insufficient plaintiff's isolated allegation that he received calls from a sequential number generator); *Johansen v. Vivant, Inc.*, No. 12C7159, 2012

WL 6590551, *3 (N.D. Ill. Dec. 18, 2012) (dismissing complaint when plaintiff failed to enhance the complaint with anything more than the language already available in the statute).

The court in *Johansen* agreed that it was unreasonable to require a plaintiff, without the benefit of discovery, to elaborate on specific technical details of a defendant's alleged automatic telephone dialing system. *Id.* The court did, however, find that the plaintiff could describe the phone messages he received in layman's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via an automatic device. *Id.*

In this case, the Plaintiff's amended complaint contains a recitation of the statutory cause of action. Like the plaintiff in *Johansen*, Plaintiff does not elaborate on the content of the pre-recorded message. His call log also indicates that when he answered his phone, he spoke to a live person. Plaintiff also fails to explain the circumstances that suggest Defendant used an automatic calling device. For example, Plaintiff could detail whether there was a pause upon his answering the call, the content of the pre-recorded messages (i.e. were they identical messages?), or any other fact that would support his conclusory allegation that he received calls from an automatic telephone dialing system. Accordingly, the Court grants the motion to dismiss and grants leave to amend the complaint consistent with this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of July, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

Jonathan Padilla, *pro se*
811 NE 199 Street
Apt. # 105
Miami, FL 33179